**BURMA–BIBAS, INC., Plaintiff,**

v.

**EXCELLED LEATHER COAT CORP., Excelled Sheepskin Trading Corp. and Oleg Cassini, Inc., Defendants.**

No. 83 Civ. 4117 (MEL).

United States District Court, S.D. New York.

April 19, 1984.

Kleinberg, Kaplan, Wolff & Cohen, P.C., New York City, for plaintiff; Norris D. Wolff, Frederic A. Kleinberg, Vicki M. Cherkas, New York City, of counsel.

Booth, Lipton & Lipton, New York City, for defendants; Philip H. Kalban, New York City, of counsel.

LASKER, District Judge.

Excelled Leather Coat Corp. and Excelled Sheepskin Trading Corp. ("Excelled") move (1) to dismiss the complaint for failure to state a cause of action under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for lack of federal question jurisdiction, 28 U.S.C. § 1338, pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure; (2) to dismiss plaintiff's claim for exemplary damages and attorney fees pursuant to Rule 12(b)(6); and (3) to strike language from the amended complaint under Federal Rule of Civil Procedure 12(f). For the reasons set forth below, defendants' motions are denied, with the exception of their motion to dismiss the portion of the amended complaint which seeks an award of attorney fees.

I

Burma-Bibas, Inc. ("B–B"), is a manufacturer of men's apparel bearing the Oleg Cassini trademark under an exclusive licensing agreement with defendant Oleg Cassini, Inc. ("OCI"). It is suing defendants Excelled and OCI for trademark violations and unfair competition prohibited by section 1125(a) of the Lanham Act, and a variety of state law claims including interference with contractual relations and breach of the licensing agreement. The amended complaint alleges that in 1975 B–B entered into an exclusive licensing agreement with OCI to manufacture, distribute, and sell various kinds of men's wear under the Oleg Cassini trademark, including leather and suede jackets and coats. In the spring of 1982 Excelled, having also received authorization from OCI, began advertising and selling men's leather and suede jackets and coats bearing the Oleg Cassini trademark. B–B then commenced this action to enforce its rights under the exclusive licensing agreement.

The relevant portions of plaintiff's Lanham Act cause of action alleges that Excelled, with the knowledge and acquiescence of OCI:

"has created and will continue to create a likelihood of confusion in the public's mind as to whether Burma-Bibas or Excelled Leather and/or Excelled Sheepskin is exclusively authorized to use the Cassini trademarks in connection with men's leather and suede jackets and coats. Defendants' conduct has the tendency to cause the likelihood that the public will be confused, misled and deceived because such conduct creates the false impression that the men's leather and suede jackets and coats bearing the Cassini trademarks made by Excelled Leather and/or Excelled Sheepskin are manufactured, distributed and/or sold under the auspices, or sponsorship, or with the approval, of Burma-Bibas."

Amended Complaint ¶ 54. *See also id.* ¶ 40, 42, 52 and 58.

Excelled's motion to dismiss this count is based on the argument that B–B "has not shown and cannot show" that Excelled has falsely represented the origin of its leather and suede coats and jackets. They argue that since OCI has licensed Excelled to use the Cassini trademarks, the designations and representations made by Excelled cannot be false and there can be no possibility of confusion. Excelled concedes that OCI's grant of a license to Excelled to use the Cassini trademark may constitute a breach of the OCI–B–B exclusive licensing agreement, but argues that the license to it does not establish a trademark violation supporting federal question jurisdiction. Excelled relies heavily upon *Silverstar Enterprises, Inc. v. Aday,* 537 F.Supp. 236 (S.D.N.Y. 1982), in which Judge Edelstein dismissed a complaint based upon the trademark infringement and unfair competition under two provisions of the Lanham Act, 15 U.S.C. §§ 1114 & 1125(a), after concluding that the case was essentially a contract dispute between an exclusive licensee and licensor over the right to use a trademark. *See Silverstar Enterprises, Inc. v. Aday,* 537 F.Supp. at 242.

B–B contends that it has adequately pleaded a claim under section 1125(a) of the Lanham Act because, *inter alia,* it is the practice in the menswear trade for quality products under a designer name to be manufactured by a single source manufacturer pursuant to an exclusive licensing agreement. B–B argues that Excelled, by merely labeling its product as an Oleg Cassini item, falsely represents to the public that it is the sole source of leather jackets and coats bearing the Oleg Cassini trademark and that the representation creates confusion in both the retailing and consumer markets.

■ To state a sufficient claim under the unfair competition provision of the Lanham Act, 15 U.S.C. § 1125(a), a plaintiff must allege that the false description or association will result in a likelihood of consumer confusion.[1] *See Silverstar Enterprises,*

---

1. 15 U.S.C. § 1125(a) provides in relevant part:

"Any person who shall affix, apply, or annex,

*Inc. v. Aday*, 537 F.Supp. at 236. In *Silverstar*, an exclusive trademark licensee sued the trademark holder for breaching the exclusive licensing agreement by licensing the trademark to another party. *See id.* at 327–38. In addition to finding that the exclusive licensee did not have standing to bring a Lanham Act trademark infringement claim, Judge Edelstein held that it had failed to state a claim under section 1125(a) for false designation or false description because it had not alleged or argued that any confusion would result as to the source of the trademarked products and because an evidentiary hearing on the matter revealed only one source for the trademarked products.

■ In the case at hand, B–B's amended complaint does allege that Excelled's manufacture of leather and suede coats and jackets will result in a likelihood of consumer confusion; in particular, the amended complaint alleges that confusion will result as to the source of Oleg Cassini leather coats and jackets because they are manufactured both by B–B and Excelled. Excelled's motion to dismiss is accordingly denied because it does not appear beyond doubt that B–B can prove no set of facts in support of its claim which would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

## II

■ Excelled moves to strike the amended complaint's demand for exemplary damages on the grounds that federal law bars punitive damages in this case and that such damages are also unavailable under state law because the Supreme Court cases, *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), and *Compco Corp. v. Day-Brite Lighting, Inc.*, 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964), preempt B–B from pleading a state law unfair competition claim where a comparable federal cause of action exists. Plaintiff contends that it seeks punitive damages in accordance with the law of New York State, that the *Sears-Compco* doctrine does not apply here and that its state law unfair competition claim is therefore not preempted. We conclude that the *Sears-Compco* doctrine does not preclude B–B from seeking punitive damages based upon its state law unfair competition cause of action. *See Roy Export Co. v. Columbia Broadcasting System*, 503 F.Supp. 1137 (S.D.N.Y.1980), *aff'd*, 672 F.2d 1095 (2d Cir.), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982). In *Roy Export Co.*, an award of punitive damages was upheld on the ground that the federal copyright statute did not preempt an unfair competition claim under New York law. The federal and state claims in issue were sufficiently dissimilar so that the state law did not stand "as an obstacle to the accomplishment and execution of the purposes and objectives of Congress" which would trigger federal preemption. *See id.*, 503 F.Supp. at 1151, *quoting, Goldstein v. California*, 412 U.S. 546, 561, 93 S.Ct. 2303, 2312, 37 L.Ed.2d 163 (1973), and *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941). *Roy* held that the federal copyright statute protects copyrighted works against mere copying, while the New York law of unfair competition bans any form of commercial immorality and that, unlike the federal statute, the state law requires a showing of unfairness and an unjustifiable attempt to profit from another's expenditure of time, labor and talent. *See Roy Export Co. v. Columbia Broadcasting System*, 503 F.Supp. at 1151–52, *citing, Metropolitan Opera Association v. Wagner-Nichols Recorder Corp.*, 199 Misc. 786, 101 N.Y.S.2d 483, 492 (Sup.Ct.1950), *aff'd*, 279 A.D. 632, 107 N.Y.S.2d 795 (App.Div.1951).

In the instant case, as in *Roy Export Co.*, and as discussed above, B–B has alleged that the defendants' false description or association will result in a likelihood of

or use in connection with any goods or services, ... a false description of origin, or any false representation, including words or other symbols *tending falsely to describe or repre-*

sent the same, ... shall be liable to a civil action by any person ... who believes he is or is likely to be damaged by the use of any such *false description or representation.*"

consumer confusion. These allegations support B–B's Lanham Act cause of action and they are sufficiently different from its allegations of unfairness and an unjustifiable attempt by the defendants to profit from B–B's expenditures of time, labor and talent, the elements of its state unfair competition claim, to avoid triggering the *Sears-Compco* doctrine.[2] B–B can accordingly use its state claim as the basis for obtaining punitive damages and defendants' motion to dismiss that portion of the amended complaint is denied.

### III

Excelled moves to dismiss the amended complaint's claim for reasonable attorney fees on the ground that the Lanham Act section which establishes the only basis for attorney fees, 15 U.S.C. § 1117, does not apply in actions brought by licensees. B–B does not respond to this argument. Instead it claims that it is entitled to attorney fees under Rule 11 of the Federal Rules of Civil Procedure because defendants' answer alleging that B–B breached its exclusive licensing agreement with OCI was made in bad faith and "constitutes a sham and false pleading lacking any factual support." Plaintiff's Memorandum of Law, at 31.

■ B–B does not assert that it is entitled to attorney fees pursuant to any state law claim, and defendants are correct that the Lanham Act does not support an attorney fees award. The Lanham Act provides courts with the discretion to award attorney fees in "exceptional" cases where the acts complained of have been characterized as malicious, fraudulent, deliberate and willful. *See Playboy Enterprises, Inc. v. Chuckleberry Publishing Inc.*, 511 F.Supp. 486, 496 (S.D.N.Y.1981), *aff'd*, 687 F.2d 563 (2d Cir.1982). Here, the amended complaint does not allege facts placing de-

fendants' conduct within the category of exceptional cases. B–B's claim that it is entitled to attorney fees under Rule 11 is also without merit because it erroneously seeks to rely upon allegations in defendants' amended answer which was filed after the amended complaint. Moreover, a Rule 11 application for attorney fees can only be made by motion. Accordingly, the amended complaint's request for attorney fees is dismissed without prejudice.

■ Finally, defendants move to strike various words and paragraphs of the amended complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and to dismiss Count VI of the amended complaint on the ground that the alleged facts do not present a justiciable case or controversy. Defendants make no arguments in their memoranda of law which explain why the challenged words and paragraphs are, in the words of Rule 12(f), redundant, immaterial, impertinent or scandalous, nor why the alleged facts of Count VI do not present a justiciable case or controversy. As a result, defendants' motions are not entitled to consideration [3] and they are denied.

For the foregoing reasons, the amended complaint's request for attorney fees is dismissed without prejudice. Defendants' other motions are denied.

It is so ordered.

---

2. Defendants do not move to dismiss the amended complaint's unfair competition claim under New York law. We therefore need not consider whether plaintiff has adequately alleged the necessary elements of that cause of action. Nevertheless, the amended complaint,

when reasonably construed, would appear to support such a claim.

3. Moreover, a reading of the challenged material in the amended complaint does not clarify the basis of the defendants' objections.